# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARRELL JOSEPH JACKSON, JR.,** <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES PAROLE COMMISSION,** <br><br> Respondent. | Civil Action No. 13-1936 (JEB) |

## MEMORANDUM OPINION

Darrell Joseph Jackson, Jr., filed this *pro se* Petition For a Writ of Habeas Corpus, alleging that his term of supervised release had expired prior to the U.S. Parole Commission's issuance of a violation warrant in June 2012, thus rendering his return to confinement improper. Although the Warrant Application does indicate an expiration date of April 29, 2012, the government shows that this was plainly a typo and that the USPC had properly ordered that Petitioner's supervised release run until April 29, 2014. As a result, the Court will deny the Petition.

**I.  Background**

The U.S. Parole Commission does a commendable job in its Opposition of explaining the lengthy procedural history of this D.C. Superior Court case, which this Court will briefly recap. When he was released from incarceration in December 2007, Petitioner began service of a five-year term of supervised release, which would terminate in December 2012. See Opp., Exh. 2 (Certificate of Supervised Release). After violating the terms of such release, Petitioner was arrested in August 2008 and agreed to an additional 12 months' imprisonment, followed by a

new 48-month term of supervised release. See Opp., Exh. 4 (Response to Expedited Revocation Proposal). He then began his supervised release in August 2009, which term would run until August 2013. See Opp., Exh. 6 (Certificate of Supervised Release). Arrest on a subsequent violator warrant in September 2010 led to no additional punishment. See Opp., Exh. 8 (D.C. Probable Cause Hearing Digest); Exh. 11 (SRAA Local Revocation). In October 2011, Jackson was arrested on yet another violation warrant and agreed to a new 11-month term of imprisonment, followed by a new 25-month term of supervised release. See Opp., Exh. 15 (SRAA Revocation). He was released on March 30, 2012, to begin this 25-month term, which would expire on April 29, 2014. See Opp., Exh. 15-A (Certificate of Supervised Release).

When he violated this latest supervision on April 9, 2012 (only ten days after release), the USPC issued its last violation warrant on June 5, 2012. This is where the error occurred. In the date for "Termination of Supervision," the warrant application lists "4/29/2012," instead of the correct date of 4/29/2014. See Pet. at ECF p. 7 (Warrant Application). For some reason, Petitioner was not arrested on the June 2012 warrant until October 2013, and after his December 2013 hearing, he was sentenced to a 13-month term of imprisonment with no further supervised release. See Opp., Exh. 19 (SRAA Local Revocation).

Jackson then brought this Petition for a Writ of Habeas Corpus.

## II. Analysis

In his Petition, Jackson first claims a due-process violation in that his sentence expired prior to the supervised-release warrant being issued. He also alleges: "Due process violation in Accord with the American Disability Act under Mental Health[.] Defendant Richardson Rights were violate in accord with mental health provisions under the color of law void ab initio [*sic*]." Pet. at ECF p. 5.

District of Columbia prisoners are entitled to habeas corpus relief if they establish that their "custody [is] in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In this matter, Petitioner asserts that the foregoing alleged misconduct deprived him of due process. A parolee has a Fifth Amendment liberty interest in maintaining his conditional freedom and therefore is entitled to due process prior to revocation. See Ellis v. District of Columbia, 84 F.3d 1413, 1420 (D.C. Cir. 1996) (citing Morrissey v. Brewer, 408 U.S. 471 (1972)).

As to Jackson's first claim – *i.e.*, that the issuance of the warrant occurred after the expiration of his supervision – the Court has already explained that any confusion derives from the typographical error on the Warrant Application. See Section I, *supra*. He does not contend that he was improperly sentenced in November 2011 to an 11-month term of imprisonment to be followed by a 25-month term of supervised release. Nor does he challenge that such release term began in March 2012 and was set to end in April 2014. The fact that the Warrant Application mistakenly said "4/29/2012" does not change that or somehow give rise to a due-process claim here. See, e.g., Atkinson v. Guzik, No. 95-5261, 1995 WL 499502, at *2 (6th Cir. 1995) ("A mere clerical error or misuse of semantics in a Commission document does not preclude the Commission's proper application of its regulations and the applicable statutes."); Hammons v. Sheriff of Jefferson County, Tex., 901 F.2d 59, 60 (5th Cir. 1990) (technical and non-prejudicial error in parole warrant did not result in constitutional violation; "technical error which does not in any way prejudice the prisoner does not serve to void the warrant"); Wenger v. Graber, No. 00-6212, 2001 WL 830970, at *2 (N.D. Ill. 2001) (Report and Recommendation) ("Wenger is not entitled to benefit from a clerical error on the certificate of parole. It is a well settled rule that a clerical error in a government agency communication does not affect an otherwise valid judgment or sentence pronouncement.").

Jackson's second claim, which ostensibly relates to the Americans with Disabilities Act, requires no analysis because it is incomprehensible. It refers to "Defendant Richardson," the "American Disability Act," and "mental health provisions." Pet. at ECF p. 5. As Petitioner does not explain what he is complaining about and as the Court cannot on its own decipher the problem, such allegation cannot proceed further.

**III.    Conclusion**

The Court, therefore, will issue a contemporaneous Order denying the Petition.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  February 21, 2014